669 A.2d 238

IN THE MATTER OF BASIL D. BECK,
JR., AN ATTORNEY AT LAW.

January 18, 1996—As Corrected January 26, 1996.

## ORDER

This matter having come before the Court on the reports of the Disciplinary Review Board, a majority of which recommended that BASIL D. BECK, JR., formerly of BRIDGETON and SOMERS POINT, who was admitted to the bar of this State in 1963 and was thereafter suspended from the practice of law on January 30, 1992, and remains suspended as of the date of this Order, be further suspended from the practice of law for three years and that his reinstatement to the practice of law be subject to certain designated conditions;

And the majority of the Board having concluded that a three-year suspension was warranted for respondent's multiple violations of various Rules of Professional Conduct, including *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4 (failure to communicate), *RPC* 1.16(d) (improperly terminating representation), *RPC* 3.3 (lack of candor toward a tribunal), *RPC* 4.1 (lack of truthfulness in statements to others), *RPC* 5.5 (unauthorized practice of law) and *RPC* 8.4(d) (conduct prejudicial to the administration of justice), such violations having been assessed in the context of respondent's prior ethical history and the evidence presented to the Special Master by respondent in mitigation of the charges against him;

And a minority of the Board having recommended to the Court that respondent be disbarred for his ethical misconduct;

And the Court having reviewed the record and having considered the arguments of counsel;

And good cause appearing;

IT IS ORDERED that the report and recommendations of the majority of the Disciplinary Review Board are adopted, and BASIL D. BECK, JR., is hereby suspended for a period of three years and until the further Order of the Court, effective January 6, 1995; and it is further

ORDERED that during the period of his suspension, respondent is to continue regular medical examinations by a doctor who is approved by the Disciplinary Review Board and the Office of Attorney Ethics; and it is further

ORDERED that prior to any favorable consideration of an application for reinstatement at the conclusion of the three-year period provided for by this Order, respondent shall submit to the Disciplinary Review Board clear and convincing medical evidence of his fitness to practice law; and it is further

ORDERED that on reinstatement, respondent shall not practice law except under the supervision of a practicing attorney approved by the Office of Attorney Ethics and the Disciplinary Review Board; and it is further

ORDERED that on reinstatement, respondent shall not appear in any court without prior approval of this Court, such approval to be on review of the recommendation of the Disciplinary Review Board; and it is further

ORDERED that respondent shall continue to be enjoined and prohibited from practicing law during the period of his suspension and shall continue to comply with the requirements of *Rule* 1:20–20, dealing with suspended attorneys; and it is further

ORDERED that respondent shall reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter, including the cost of transcripts.